1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

9

### EASTERN DISTRICT OF CALIFORNIA

10

11

12

13

14

15

16

| | |
|---|---|
| MARIA BOLLINGER, et al.<br><br>Plaintiffs,<br><br>v.<br><br>STARBUCKS CORPORATION,<br><br>Defendant. | Case No. 1:24-cv-00303-JLT-SAB<br><br>ORDER GRANTING DEFENDANT'S OPPOSED MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT<br><br>(ECF Nos. 41, 44) |

17

18

19

20

21

22

23

24

25

26

27

On July 1, 2024, Defendant filed a motion to dismiss Plaintiffs' first amended complaint. (ECF No. 23.)  The hearing was set for November 6, 2024 due to the unavailability of counsel to hear the motion at an earlier date. (ECF No. 36.)  Two days prior to the hearing, the parties filed a joint motion to vacate the hearing due to Plaintiffs' intention to seek leave to file a second amended complaint. (ECF No. 37.)  Plaintiffs represented that they intended to file a motion for leave to amend the first amended complaint by December 13, 2024 in light of Defendant's recent change to its pricing policy for non-dairy milk beverage customization, which is the subject of this action. Plaintiffs proffered the lengthy extension was in part due to Plaintiffs' counsel's scheduled medical procedure.  Defendants stipulated to this extension of time to accommodate Plaintiffs' counsel's personal matter.  On November 4, 2024, the Court issued an order affording Plaintiffs until December 13, 2024 to seek leave to file an amended complaint. (ECF No. 38.)

28

On December 13, 2024, Plaintiffs filed a motion seeking leave to amend the first amended

1    complaint,  (ECF No. 40), making Defendant's opposition, if any, due on December 27, 2024.

2    L.R. 230(c).

3         On December 17, 2024, Defendant filed a motion for administrative relief seeking a

4    seventeen day extension of time to respond to Plaintiffs' motion.  (ECF No. 41.)  Defendant

5    proffered that the volume and nature of the Plaintiffs' proposed amendments and the propriety of

6    Plaintiffs' motion required additional time to formulate an opposition.  Further, Defendant

7    provides a declaration by counsel that explains the extension is sought to accommodate

8    Defendant counsels' upcoming holidays and vacation plans.  (ECF No. 41-2 at 2.)  Despite this

9    reasoning being relayed to Plaintiffs' counsel on December 16, 2024, Plaintiffs' counsel informed

10   Defendants' counsel that Plaintiffs would oppose the extension.  (Id. at 4.)

11        On December 18, 2024, the Court ordered that Plaintiffs file any opposition to

12   Defendant's motion for an extension of time no later than December 20, 2024.  (ECF No. 42.)

13        On December 20, 2024, Plaintiffs filed an opposition to Defendant's motion.  (ECF No.

14   44.)  Therein, Plaintiffs first object to Defendant's motion because "there is no substantive basis

15   for Defendant to oppose Plaintiffs' motion for leave to file their second amended complaint."  (Id.

16   at 1.)  Plaintiffs contend that "[e]ven a cursory review of the proposed Second Amended

17   Complaint shows it is not futile and that the revisions are substantive and material…."  (Id. at 2.)

18   In the adversarial process, however, Plaintiffs do not make that determination.  The Court will

19   determine whether Rule 15 precludes amendment after review of the moving papers and

20   opposition papers, if any.

21   Plaintiffs also argue that in the November 4, 2024 joint motion, Defendant requested a

22   forty-five day extension to respond to the amended complaint.  Plaintiffs aver Defendant has now

23   changed its position without any basis other than to unnecessarily delay the proceedings which is

24   averse to the best interests of judicial economy.   Plaintiffs therefore essentially argue

25   that Defendant's joint motion to vacate the hearing waived any right for Defendant to oppose

26   any future motion for leave to file a second amended complaint.   As a threshold matter,

27   Defendant's request for an extension of time to respond to the second amended complaint

28   was denied because it was premature to grant an extension to respond to an amended

2

1    complaint that had not yet been filed.  Further, Plaintiffs' argument that Defendant has changed

2    its position is contradicted by Defendant's contention in the November 4, 2024 joint motion

3    wherein Defendant stated that it "[took] no position on the propriety of a further amendment of

4    the complaint as it ha[d] not yet seen Plaintiffs' proposed SAC."  (ECF No. 37 at 22.)  The Court

5    does not find a seventeen day extension to consider whether any basis exists to oppose an

6    amended complaint that contains contents that have purportedly taken Defendant by surprise is

7    averse to the interest of judicial economy.  Plaintiffs otherwise offer no argument that the request

8    to accommodate Defendant's counsels' personal calendars for holiday plans and vacations is

9    unreasonable.   Particularly given the generous extension previously provided for Plaintiffs'

10   counsel's own personal matter, the Court does not independently find a seventeen day extension

11   of time—which includes two days of Court closures on December 31, 2024 and January 1, 2025

12   and two weekends—will unnecessarily delay proceedings.

13        Plaintiffs also opine that Defendant intends to substantively argue against the merits of

14   Plaintiffs' amendments in the proposed second amended complaint rather than the propriety of

15   amendment under Rule 15.  (ECF No. 44 at 2.)  Plaintiffs thus request that the Court preemptively

16   bar Defendant from filing an opposition under the unsupported assumption that Defendant will

17   disregard the Federal Rules of Civil Procedure and oppose Plaintiffs' motion under Rule 12.  The

18   Court does not join Plaintiffs' speculation that Defendant plans to improperly bring a motion to

19   dismiss rather than an opposition to Plaintiffs' motion for leave to file the second amended

20   complaint.  Should Defendant ultimately do so, the Court is more than capable of disregarding

21   such argument as improper and/or premature.

22        In the alternative, Plaintiffs request that the Court limit Defendant's opposition to five

23   pages and impose a Friday, January 10, 2025 deadline.  The Court does not find good cause to

24   modify the page limitations provided by Local Rule 230(c) and the Court's standing orders.

25   Neither does the Court find good cause to limit the extension to January 10, 2025 rather than one

26   business day later on January 13, 2025.  Instead, the Court finds good cause to grant Defendant's

27   motion for a seventeen extension of time to file a response, if any, to Plaintiffs' motion for leave

28   to file the second amended complaint.

1       Accordingly, IT IS HEREBY ORDERED THAT:

2       1.      Defendant's motion for a seventeen day extension of time (ECF No. 41) is

3               GRANTED;

4       2.      Defendant shall file a response to Plaintiffs' motion for leave to file the second

5               amended complaint **no later than January 13, 2025**.  Any opposition must

6               comport with Local Rule 230(c);

7       3.      If the Court does not receive a response, it will be construed as a non-opposition to

8               Plaintiffs' motion for leave to file the second amended complaint pursuant to

9               Local Rule 230(c); and

10      4.      The January 29, 2025 hearing shall remain on calendar. The parties are advised the

11              motion may be taken under submission and the hearing vacated after the Court has

12              reviewed the completed filings.

13

14  IT IS SO ORDERED.

15  Dated:    **December 20, 2024**            _____

16                                              STANLEY A. BOONE
                                                United States Magistrate Judge

17

18

19

20

21

22

23

24

25

26

27

28

4