# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA BOLLINGER, et al. | Case No. 1:24-cv-00303-JLT-SAB |
| Plaintiffs, | ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT |
| v. | |
| STARBUCKS CORPORATION, | (ECF Nos. 40, 46, 48) |
| Defendant. | **THREE AND TWENTY-ONE DAY DEADLINES** |

## I.

## INTRODUCTION

Plaintiffs Maria Bollinger, Dawn Miller, and Shunda Smith (collectively, "Plaintiffs") initiated this action against Defendant Starbucks Corporation on March 12, 2024. Plaintiffs allege violations of the violation of Title III of Americans with Disabilities Act; violation of California's Unruh Civil Rights Act; and unjust enrichment/restitution.

Currently pending before the Court is Plaintiffs' opposed motion to file a second amended complaint. (ECF No. 40.) Having considered the moving, opposition, and reply papers, as well as the Court's record, for the reasons explained herein, the Court grants Plaintiffs' motion to for leave to file a second amended complaint.

/ / /

1

**II.**

**LEGAL STANDARD**

Under Rule 15 of the Federal Rules of Civil Procedure, after a responsive pleading has been filed, a party may amend their complaint only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). The decision on whether to grant leave to amend is within the discretion of the trial court. Foman v. Davis, 371 U.S. 178, 182 (1962).

"Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.' " Sonoma Cty. Ass'n of Retired Employees v. Sonoma Cty., 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting Foman, 371 U.S. at 182); accord Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004); Madeja v. Olympic Packers, LLC., 310 F.3d 628, 636 (9th Cir. 2002); Washington State Republican Party v. Washington State Grange, 676 F.3d 784, 797 (9th Cir. 2012). "The court should 'examine each case on its facts' and determine the propriety of granting leave to amend on that basis." Fresno Unified Sch. Dist. v. K.U. ex rel. A.D.U., 980 F.Supp.2d 1160, 1175 (E.D. Cal. 2013) (quoting SAES Getters S.p.A. v. Aeronex, Inc., 219 F.Supp.2d 1081, 1086 (S.D. Cal. 2002) and 6 Charles Alan Wright, et al., Federal Practice and Procedure Civil 2d § 1430 (2d ed. 1990)).

"[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining [ ] factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Eminence Capital, LLC, 316 F.3d at 1052. In exercising its discretion to grant leave to amend, "a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." Webb, 655 F.2d at 979. The Ninth Circuit has stressed that Rule 15 favors amendments, and that this policy is to be applied with extreme liberality. Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001).

**III.**

**DISCUSSION**

Plaintiffs seek leave to amend the first amended complaint ("FAC") "to include, among other clarifying facts, those facts related to Defendant's change to its pricing policy for non-dairy milk beverage customization of beverages that is the subject of this lawsuit." (ECF No. 40 at 2.) Plaintiffs contend the proposed second amended complaint ("SAC") adds facts to support Plaintiffs' theories of liability and relief and it conforms to the newly discovered facts. (Id. at 3.) Plaintiffs argue that all factors weigh in favor of granting leave to file an amended complaint. Defendant opposes the motion, arguing amendment will unduly delay this proceeding and prejudice Defendant; the proposed amendment suggests bad faith and dilatory motive; and amendment would be futile.

### A.   Undue Delay and Prejudice

Defendant first argues that allowing Plaintiffs to introduce such facts in the SAC after Defendant has already filed two motions to dismiss would result in undue delay and would be highly prejudicial to Defendant. (ECF No. 26 at 13.) Like Defendant, the Court will analyze these two factors together.

In evaluating whether there has been undue delay, the court considers whether the motion was filed within the time allotted by the Rule 16 scheduling order, as well as "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." AmerisourceBergen Corp. v. Dialysist W., Inc., 465 F.3d 946, 953 (9th Cir. 2006) (quoting Jackson v. Bank of Hawaii, 902 F.2d 1385, 1388 (9th Cir. 1990)). "To show undue delay, the opposing party must at least show delay past the point of initiation of discovery; even after that time, courts will permit amendment provided the moving party has a reasonable explanation for the delay." SAES Getters S.p.A., 219 F.Supp.2d at 1086. "Undue delay by itself, however, is insufficient to justify denying a motion to amend." Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999).

" 'Undue prejudice' means substantial prejudice or substantial negative effect; the Ninth Circuit has found such substantial prejudice where the claims sought to be added 'would have

1  greatly altered the nature of the litigation and would have required defendants to have undertaken, at a late hour, an entirely new course of defense.' " SAES Getters S.p.A., 219 F.Supp.2d at 1086 (quoting Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990)). "Where a party opposes a motion for leave to amend on the basis of undue prejudice, the showing of prejudice must be substantial." SAES Getters S.p.A., 219 F.Supp.2d at 1094. The party opposing amendment of the complaint "bears the burden of showing prejudice." Eminence Capital, LLC, 316 F.3d at 1052 (quoting DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)).

To address Defendant's contentions of undue delay and the resulting prejudice, the Court finds it prudent to summarize the relevant timeline of this action. On June 3, 2024, Defendant filed a motion to dismiss Plaintiffs' original complaint in its entirety. (ECF No. 15.) On June 24, 2024, Plaintiffs filed the FAC pursuant to Rule 15(a)(1)(B). (ECF No. 20.) Recognizing the bulk of Plaintiffs' amendment between the original complaint and FAC was to provide additional allegations describing how each Plaintiff's lactose intolerance constitutes a disability under the ADA—an element Defendant made clear it did not concede but a basis upon which Defendant did not move to dismiss (ECF No. 15-1 at 10 n.3)—the Court provided Defendant with the choice to either file a notice of withdrawal of its motion to dismiss or a notice explaining to the Court how the motion was not moot. (ECF No. 21 at 2 (citing Baday v. Kings Cnty., No. 1:20-cv-00644 ADA SKO, 2022 WL 10631010, at *1 (E.D. Cal. Oct. 18, 2022) (noting that in the "unusual situation…[w]hen the amended complaint is substantially identical to the original…a court can rule on the motion to dismiss with reference to the amended complaint" because "[i]t would be futile to dismiss [a defendant's] motion without prejudice, only to have [the defendant] refile another motion to dismiss with effectively the same arguments") (citation omitted)).)

On July 1, 2024, Defendant elected to withdraw its motion and simultaneously file a motion to dismiss the FAC. (ECF Nos. 22, 23.) Defendant's motion to dismiss the FAC provides essentially the same arguments and is largely verbatim to its motion to dismiss the original complaint. (Compare ECF No. 15 with ECF No. 23.) The hearing was originally set for August 21, 2025. (ECF No. 26.) Then, to accommodate the parties' stipulated extension to the briefing

4

1  schedule, the Court continued the matter to September 4, 2025. (ECF No. 31.) However, the
2  hearing was then continued to November 6, 2024 due to the unavailability of counsel to hear the
3  motion at an earlier date. (ECF No. 36.)

4  Two days prior to the hearing, the parties filed a joint motion to vacate the hearing due to
5  Plaintiffs' intention to seek leave to file the SAC by December 13, 2024 in light of Defendant's
6  recent change to its pricing policy for non-dairy beverage customization. (ECF No. 37.)
7  Defendant maintained that the arguments set forth in its pending motion to dismiss (ECF No. 23)
8  are dispositive regardless of the pricing change. Defendant took no position at the time of the
9  stipulation regarding the propriety of a further amendment of the complaint as it had not yet seen
10  Plaintiffs' proposed SAC. However, Defendant noted that it anticipated filing a motion to
11  dismiss the SAC if the Court granted Plaintiffs leave to file one.

12  On December 13, 2024, Plaintiffs filed the instant motion seeking leave to amend the
13  FAC. (ECF No. 40). Plaintiffs assert the same three claims against Defendant as those contained
14  in both the originally filed complaint and the FAC: (1) violation of Title III of Americans with
15  Disabilities Act ("ADA"); (2) violation of California's Unruh Civil Rights Act ("Unruh"); and (3)
16  unjust enrichment/restitution. The proposed SAC adds factual allegations to support the same
17  three claims that were alleged in the original complaint.

18  Although this action was initiated nearly one year ago, there has been no answer by
19  Defendant. There is no operative Rule 16 scheduling order, nor has this action reached the point
20  of the initiation of discovery. See SAES Getters S.p.A., 219 F.Supp.2d at 1086. This Court has
21  not previously ruled on the merits of any of Plaintiffs' pleadings. Instead, the parties have filed
22  multiple stipulations requesting extensions due to unavailability of counsel or for modification of
23  a briefing schedule. Defendant now argues that allowing Plaintiffs to file a SAC that alleges
24  more than the pricing policy changes would result in undue delay and would be highly prejudicial
25  to Defendant, which has already filed two motions to dismiss. As previously discussed, both
26  motions are substantially similar and neither have been adjudicated on the merits. Further, as
27  Plaintiffs point out, it was Defendant who changed its pricing policy—the gravamen of this
28  action—days before the hearing on the motion to dismiss the FAC. The Court is hard-pressed to

5

1  find Plaintiffs' proposed SAC will unduly delay an action that is still in the pleadings stage and
2  has yet to reach a decision on the merits.

3  Defendant also argues that the proposed amendments regarding the existence of a
4  "separate 'dairy-free' menu for persons who were lactose intolerant" and the "Starbucks
5  Experience" are premised on facts that Plaintiffs would have known when they initiated this
6  action. (ECF No. 46.) Plaintiffs do not dispute they knew such facts at the time they filed their
7  original complaint. Rather, Plaintiffs argue that they are not required to plead every fact relevant
8  to their case in a complaint, and it was only after a ruling in another district court that it became
9  apparent that particular facts regarding the Starbucks Experience and the specific act of gesturing
10 to a list of non-dairy milks may become important factual allegations. (ECF No. 48 at 6.)

11 The Court finds Defendant's supporting authorities that have denied amendment where
12 the moving party knew the proposed facts when they filed the initial complaint are inapposite to
13 the facts and procedural posture of this action.[1] In E.E.O.C. v. Boeing Co., 843 F.2d 1213 (9th
14 Cir. 1988) the Ninth Circuit affirmed the district court's denial of a motion to amend, which was
15 brought two months *after* the court ruled on a motion for summary judgment, to add facts plaintiff
16 knew at the beginning of the litigation. In Newton v. LVMH Moet Hennessy Louis Vuitton Inc.,
17 No. 23-CV-10753 (LAP), 2024 WL 3925757, (S.D.N.Y. Aug. 23, 2024) the Court denied a
18 plaintiff's motion for leave to amend to add new facts known to the plaintiff at the time she
19 initiated the action for various reasons, including futility and apparent forum shopping to avoid
20 arbitration in bad faith. Id. at *14-18.

21 Defendant's only purported prejudice is related to future delay of the pleadings stage, as
22 Defendant will have to file a third motion to dismiss. (ECF No. 46 at 7.) Courts typically find
23 such prejudice where leave to amend is requested as a relevant discovery deadline nears or has
24 already passed. Nutrition Distribution, LLC v. Enhanced Athlete, Inc., No. 2:17-CV-01491-
25 TLN-KJN, 2019 WL 1429549, at *2 (E.D. Cal. Mar. 29, 2019). As stated, this action is in the

---

[1] One cited authority, Williams v. Super Kmart, No. 98-17376, 2000 WL 274042 (9th Cir. Mar. 9, 2000) (affirming a denial of a motion for leave to amend where the plaintiff moved to add six new claims over a year after filing the amended complaint because the plaintiff knew the facts when she initiated the action and because the new claims were futile), is a non-precedential memorandum published prior to January 1, 2007. Ninth Cir. Rule 36-3(c).

6

1  pleadings stage.  Plaintiffs' proposed amendment does not add new claims or new defendants.
2  Plaintiffs also contend the new-but-always-known facts are added to the proposed SAC as a result
3  of recent caselaw in an attempt to avoid future additional delay of this action.  Defendant fails to
4  show it is *substantially* prejudiced by allowing amendment of factual allegations at the pleadings
5  stage, where discovery has not commenced, and the Court has not reached any decision on the
6  merits of Plaintiffs' claims.  See SAES Getters S.p.A., 219 F.Supp.2d at 1086 (finding substantial
7  prejudice where the proposed new claims "would have greatly altered the nature of the litigation
8  and would have required defendants to have undertaken, at a late hour, an entirely new course of
9  defense.")  The Court is aware that allowing Plaintiffs to file the SAC will prolong the pleadings
10 stage and likely increase the fees incurred in defending the action, but Defendant has not met its
11 burden to show that allowing new factual allegations at this early stage of proceedings would
12 result in substantial prejudice or significantly expand this litigation.  The Court therefore finds
13 both these factors weigh in favor of granting amendment.

14     **B.     Bad Faith**

15     Defendant argues the nature, timing, and substance of the proposed amendments, and the
16 manner in which they are sought, compel the conclusion that the amendment is brought in bad
17 faith and for dilatory motive.  Based on the limited record before the Court, the Court cannot
18 agree.

19     Bad faith can be found where a party requests leave to amend for the purpose of
20 prolonging the litigation "by adding new but baseless legal theories[,]" Griggs v. Pace Am. Grp.,
21 Inc., 170 F.3d 877, 881 (9th Cir. 1999), or is frivolous or filed for an improper purpose, Westlake
22 N. Prop. Owners Ass'n v. City of Thousand Oaks, 915 F.2d 1301, 1305 (9th Cir. 1990).

23     For the reasons more fully addressed below, the Court does not find on first instance that
24 the proposed SAC adds new but baseless legal theories.  Defendant argues primarily that
25 Plaintiffs' motion is filed for an improper purpose.  Defendant takes particular offense to
26 Plaintiffs' contention in its November 2024 notice that they would be seeking leave to file the
27 SAC based on the recent change in Defendant's pricing policy.  (ECF No. 46 at 14.)  However,
28 the instant motion and proposed FAC provide amended allegations relating both to Defendant's

change in its pricing policy and additional factual allegations known to Plaintiff at the time of filing.

In response, Plaintiffs clarify that when they requested an extension of time to seek leave to amend, Defendant had announced that it would stop charging extra for non-dairy milks. (ECF No. 48 at 4.) Plaintiffs intended to amend based on that issue alone. However, one day after the Court entered the parties' stipulation, a decision in the Northern District of California issued granting a motion to dismiss with leave to amend for failure to state a substantially similar claim based on upcharges for non-dairy alternatives. (Id.) Plaintiffs thus contend that at the time they filed the stipulated notice, they were not yet aware of the Northern District's decision. (Id.) Once they did learn of the Northern District's concerns about similar claims with separate parties, Plaintiffs included facts relevant to the Northern District ruling as well as facts regarding Starbucks' new policy in their proposed SAC "out of an abundance of caution and in an effort to conserve judicial resources and to prevent further delays." (Id.)

The Court notes that both parties heavily reference the decision in the Northern District in their briefing. Although sister district court decisions are persuasive, they are not binding on this Court. The Court does not consider a merits-based decision in a non-binding opinion to be determinative in this Court's consideration of whether justice requires it to exercise its own discretion in allowing amendment in this action. Fed. R. Civ. P. 15(a)(2). Although the Court agrees that Plaintiffs' proposal to add factual allegations they admittedly knew at the time they filed the initial complaint is curious, the Court finds Plaintiffs' explanation that they are attempting to resolve an omission in their complaint to prevent further delay to be reasonable and does not reach the extreme level of bad faith suggested by Defendant.

The Court is also not persuaded by Defendant's argument that Plaintiffs only seek to file the SAC after Defendant's motion to dismiss has been fully briefed and is ready for argument. As previously, discussed, the motion to dismiss the FAC was fully briefed—after stipulated extensions for Defendant to file a reply—in August 2024. The Court set a hearing for September 4, 2024. Due to the unavailability of counsel for Defendant, the hearing was moved to November 4, 2024. Days before the hearing, however, Defendant modified its pricing policy. Defendant

8

thus stipulated to vacating the hearing and allowing Plaintiff to file the instant motion to address the pricing policy. The Court is therefore unpersuaded by Defendant's claim that Plaintiffs are acting in bad faith to avoid Defendant's motion to dismiss where every delay until the instant motion has been caused or stipulated by Defendant.[2]  Given this timeline, a non-binding district court decision between separate parties—which granted the plaintiffs leave to amend—does not require that this Court find Plaintiffs are acting in bad faith by bringing this motion to prevent the same result.

Finally, Defendant argues that "the proposed SAC and the surrounding context in which it was filed raise serious questions about Plaintiffs' compliance with Rule 11." (ECF No. 46 at 11.) Defendant argues that some new allegations contained in the proposed SAC are "blatantly false." (Id.) Defendant leverages to the Court that, "[s]hould Plaintiff obtain leave to file the SAC and proceed to do so, Defendant intends to address the lack of factual basis for these allegations concerning a (fictitious) 'separate 'dairy-free' menu' at Starbucks, as well as other frivolous allegations, in accordance with the procedures set forth under Rule 11." (Id.) Defendant is fully entitled to make such a motion. This Court takes Rule 11 motions and threats to file such motions seriously.[3]  However, the Court will not deny Plaintiffs leave to amend under Rule 15(b)(2) based upon Defendants unsubstantiated argument of Rule 11 violations. Although the Court is troubled by Plaintiffs' placid response to Defendant's strong accusation, Plaintiffs are correct that it is a question of fact at this point—which the Court must accept as true and in the light most favorable to Plaintiff, Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996)—whether the employees knew of Plaintiffs' alleged disabilities and whether they pointed Plaintiffs to "separate

---

[2] The Court notes Plaintiffs request leave to amend in their opposition to Defendant's motion to dismiss the FAC to rectify any deficiencies. (ECF No. 30 at 8.) Even if the Court agreed that Plaintiffs fail to state a claim in the FAC, the Court would likely grant such relief based upon the liberality in which courts must grant leave to amend. See Morongo Band of Mission Indians, 893 F.2d at 1079

[3] The Court notes that Defendant has invoked potential Rule 11 violations in each of their previous motions to dismiss. In its first motion to dismiss, Defendants noted that Plaintiffs' allegations "raise concerns under Rule 11." (ECF No. 15-1.) However, no motion for sanctions was filed. See Fed. R. Civ. P. 11(c)(2)(" A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served…but it must not be filed or be presented to the court…[until] 21 days after service….")  In its motion to dismiss the FAC, Defendant twice noted particular allegations "raise concerns under Rule 11." (ECF No. 23-1 at 5-5 nn. 5-6.)  Again, no motion for sanctions under Rule 11 has been filed. Future arguments of Rule 11 violations that are not properly brought before the Court will not be well-taken.

menu." (ECF No. 48 at 7-8.)  The Court declines to make a Rule 11 finding that certain proposed allegations are false, and thus brought in bad faith, on a motion brought under Rule 15. Accordingly, the Court does not find this factor weighs against amendment.

### C. Futility of Amendment

Defendant argues that Plaintiffs' motion for leave to amend should be denied because the proposed SAC would be immediately subject to dismissal.  (ECF No. 46 at 18.)  In response, Plaintiffs contend the proposed amendments are not futile because they address issues raised in another court and thus may be pertinent to the instant action.  (ECF No. 48 at 8-9.)

The presumption is that the Court "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).  "[T]his policy is to be applied with extreme liberality." Morongo Band of Mission Indians, 893 F.2d at 1079.  "[A]n amendment is 'futile' only if it would clearly be subject to dismissal.  SAES Getters S.p.A., 219 F.Supp.2d at 1086.  See also United States v. Corinthian Colleges, 655 F.3d 984, 995 (9th Cir. 2011) ("An amendment is futile if the complaint clearly could not be saved by amendment."); Polich v. Burlington Northern, Inc., 942 F.2d 1467, 1472 (9th Cir. 1991) ("Dismissal without leave to amend is improper unless it is clear, upon *de novo* review, that the complaint could not be saved by any amendment.").  Denial of a motion for leave to amend on futility grounds, however, is "rare." Zurich Am. Ins. Co. of Illinois v. VForce Inc., No. 2:18-cv-02066-TLN-CKD, 2020 WL 2732046, at *3 (E.D. Cal. May 26, 2020) (citing Netbula, LLC v. Distinct Corp., 212 F.R.D. 534, 539 (N.D. Cal. 2003)). "Ordinarily, 'courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed.' " Id.

A plaintiff claiming disability discrimination under the ADA "must show that (1) she is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her disability." Molski v. M.J. Cable, Inc., 481 F.3d 724, 730 (9th Cir. 2007).  In the proposed SAC, Plaintiffs allege they are disabled within the meaning of the ADA due to their lactose intolerance and milk allergies (ECF No. 40-1 at ¶¶ 66-71); that Defendant operates stores that are places of public accommodation (id. at ¶ 139); and

Plaintiffs were, in short, denied accommodations by Defendant due to their disabilities as a result of Defendant's imposition of a surcharge on non-dairy alternatives (see, e.g., id. ¶ 153).

In support of their second claim, Plaintiffs allege Defendant's practice of surcharging non-dairy alternatives purchased by consumers who are lactose intolerant constitutes discrimination under Unruh (1) predicated upon the alleged ADA violation and (2) intentional discrimination for imposition of a surcharge only on persons with lactose intolerance. (Id. at ¶¶ 158-62.)

In support of their third claim for unjust enrichment "under California law," Plaintiffs allege that as a result of Defendant's alleged wrongdoing, it "enriched itself at the expense of Plaintiffs…by its illegal levying of the Surcharge for Non-Dairy Alternatives." (Id. at ¶¶ 182-86.)

For purposes of this motion for leave to amend, the Court finds Plaintiffs have stated colorable claims under the ADA, Unruh, and for unjust enrichment. Whether such claims are cognizable, however, is more appropriately suited for a motion that challenges the merits of Plaintiffs' allegations. Here, the Court is not privileged with briefing related to Plaintiffs' additional factual allegations to deny Plaintiffs' instant motion to amend solely on futility grounds. Instead, Defendants repeatedly refer the Court to their pending motion to dismiss the FAC to argue the proposed SAC is futile. However, the briefing related to the FAC is inadequate given Plaintiffs' additional factual allegations, particularly those related to Defendant's knowledge of Plaintiffs' alleged disabilities (id. at ¶¶ 37, 50, 61) and subsequent direction Plaintiffs to a separate "dairy-free" menu (id. at ¶¶ 38, 51, 62). As such, solely for purposes of the instant motion for leave to amend, the Court assumes without deciding that Plaintiffs' necessary requests for reasonable modification were refused by way of direction to a separate "dairy-free" menu that includes a surcharge on non-dairy alternatives in violation of the ADA and Unruh and resulted in unjust enrichment. Accordingly, the Court cannot determine at this time that the proposed SAC is clearly subject to dismissal for failure to state a claim under the ADA, which triggers Plaintiffs' Unruh claim and wrongful conduct under the unjust enrichment claim. Thus, the Court cannot find that the proposed amendment would be futile at this time.

///

///

# III.

# CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiffs' motion for leave to file a second amended complaint is GRANTED;

2. Plaintiffs shall file the proposed second amended complaint, if they believe they can do so in good faith, within **three (3) days** of the date of entry of this order;

3. Within three (3) days of service of Plaintiffs' second amended complaint, Defendants shall file a notice to withdraw its motion to dismiss. <u>Failure to do so will result in the Court's recommendation that Defendant's motion to dismiss the first amended complaint (ECF No. 23) be denied as moot</u>; and

4. Defendants shall file a responsive pleading no later than **twenty-one (21) days** after service of the second amended complaint.

IT IS SO ORDERED.

Dated:  **March 13, 2025**

STANLEY A. BOONE
United States Magistrate Judge