# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA BOLLINGER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>STARBUCKS CORPORATION,<br><br>Defendant. | Case No. 1:24-cv-00303-JLT-SAB<br><br>ORDER DIRECTING CLERK OF COURT TO ADJUST THE DOCKET TO REFLECT VOLUNTARY DISMISSAL PURSUANT TO RULE 41(a) OF THE FEDERAL RULES OF CIVIL PROCEDURE<br><br>(ECF No. 69) |

On June 12, 2025, the parties filed a stipulation dismissing this action with prejudice pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure. (ECF No. 69.)

While Plaintiffs have brought this case as a putative class action, the Court agrees with the parties that Rule 41(a), not Rule 23(e), applies in the disposition of this matter because no class has been certified. Frias v. G4S Secure Sols. (USA) Inc., No. 1:20-cv-00403-AWI-SAB, 2021 WL 2894453, at *1 (E.D. Cal. July 9, 2021) ("On December 1, 2003, Rule 23(e) was amended to allow the 'parties to a proposed class action to stipulate to dismissal of the action without any judicial approval where the class has not yet been certified.'"); see also Sample v. Qwest Commc'ns Co. LLC, No. CV 10-08106-PCT-NVW, 2012 WL 1880611, at *3 (D. Ariz. May 22, 2012).[1]

[1] Courts continue to have differing views on this issue because the Ninth Circuit has not yet reconciled its 1989 precedent, Diaz v. Trust Territory of Pacific Islands, 876 F.2d 1401 (9th Cir. 1989), with the 2003 amendment to Rule 23. See, e.g., Pineda v. Sun Valley Packing, L.P., No. 1:20-cv-00169-ADA-EPG, 2023 WL 2793879, at *1

As no class has been certified in this action, the putative class members are not bound by the settlement and dismissal of this action. Therefore, the Court construes the parties' stipulation to dismiss this action to be with prejudice as to Plaintiffs and without prejudice as to the putative class members. In light of the stipulation, this entire action has been terminated, Fed. R. Civ. P. 41(a)(1)(A)(ii); Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997), and has been dismissed pursuant to the terms of the stipulation.

Accordingly, the Clerk of the Court is HEREBY DIRECTED to adjust the docket to reflect voluntary dismissal of this action pursuant to Rule 41(a). It HEREBY ORDERED that all pending dates and matters are vacated.

IT IS SO ORDERED.

Dated: **June 13, 2025**

STANLEY A. BOONE
United States Magistrate Judge

(E.D. Cal. Apr. 5, 2023) ("Rule 23(e), however, governs the dismissal of class actions, even before class certification has occurred."); Gutierrez v. J.M. Distrib., Inc., No. SA CV 20-00617-DOC-JEM, 2020 WL 4355513, at *1 (C.D. Cal. June 3, 2020) ("The Ninth Circuit has interpreted this requirement to apply before certification as well."); Albers v. Yarbrough World Sols., LLC, No. 5:19-cv-05896-EJD, 2021 WL 1925520, at *1 (N.D. Cal. May 13, 2021) ("[C]ourts in this district have noted 'some uncertainty' about the continued application of Rule 23(e) to precertification settlement proposals in the wake of the 2003 amendments . . . [b]ut our decisions have 'generally assumed that it does' apply . . . and this Court will follow Diaz to evaluate the proposed settlement and dismissal here."). However, this Court maintains its previous view and agreement with other courts that the 2003 amendment changed Rule 23(e) rendering Diaz inapplicable. See Frias, 2021 WL 2894453, at *1; Hall v. W. Ref. Retail, LLC, No. 5:19-cv-00855VAP-SKx, 2021 WL 4497925, at *1 n.1 (C.D. Cal. June 23, 2021) ("Although some courts in this circuit have continued to apply Diaz, others have declined to do so in light of the amendments to Rule 23 . . . [and] [t]he Court is persuaded by the latter authorities and the plain language of the Rule and accordingly performs no further analysis under Rule 23.").